**CHIROPRACTIC ALLIANCE OF NEW JERSEY, an Association of New Jersey Chiropractors, on behalf of its members, and as class representative on behalf of all similarly situated individuals, Jeffrey Susman, D.D.S. and Samuel Soriero, D.C., Plaintiffs,**

v.

**Lewis PARISI, Robert Sorge, Walter Mollenkopf, Patricia Wilson, Richard Koch, George Kroll, George Patterson and John Does I Through XX (being presently unknown named defendants), Defendants.**

Civil Action No. 93–2071.

United States District Court,
D. New Jersey.

Feb. 15, 1996.

Richard A. Jaffe, Law Offices of Richard Jaffe, Houston, Texas, for Plaintiffs.

Jeffrey Speiser, Howard D. Cohen, Stern & Greenberg, Roseland, New Jersey, for Defendants.

BROTMAN, Senior District Judge.

On November 6, 1995, this court dismissed the summary judgment motion filed by Lewis Parisi et al. (the "Defendants") because they filed that motion outside the dispositive motion deadline which had been established by Magistrate Judge Rosen in a Scheduling Order. *See,* Scheduling Order dated March 28, 1995. The Defendants have filed their current motion requesting that this court reconsider that dismissal and enter summary judgment in their favor.[1] For the following reasons, the court must deny the Defendants' motion.

### I. Factual and Procedural Background

Familiarity with the underlying facts of this litigation as set forth in an Opinion dated May 27, 1994, published at 854 F.Supp. 299 (D.N.J.1994), is assumed. To address the current motion, however, the court must first set forth the procedural background of this case. The Plaintiffs, the Chiropractic

---

**1.** Although not specifically so designated by the Defendants, the court interprets the present motion to be filed pursuant to Federal Rule of Civil Procedure 60(b)(6).

Alliance of New Jersey, Jeffrey Susman, D.D.S. and Samuel Soriero, D.C., filed their complaint against specific officers and investigators of the New Jersey Department of Insurance, Fraud Division ("DIFD") in May 1993. Because the clerk's office assigned an odd docket number to this matter, Magistrate Judge Rosen became responsible for conducting the pretrial matters in this case including but not limited to conducting scheduling conferences and issuing scheduling orders. Throughout his handling of these matters, Magistrate Judge Rosen granted both parties ample opportunities to file dispositive motions with this court. His initial scheduling order set a deadline for the parties to submit dispositive motions on or before February 15, 1995. Scheduling Order dated May 11, 1994. After this initial deadline had passed, he entered a subsequent order extending the dispositive motion deadline to May 19, 1995. Final Scheduling Order dated February 28, 1995. One month later, he again extended the dispositive motion deadline to June 14, 1995 and set a trial date for this matter for September 18, 1995. Scheduling Order dated March 28, 1995.

On May 4, 1995, the Defendants served their motion for summary judgment on the Plaintiff. Defendants' Motion For For [sic] Reargument ("Defendants' Motion") at Exh. A. Pursuant to Local Rule 12N which is followed by these chambers, the parties had previously agreed that the Plaintiffs would serve their response papers on the Defendants by June 2, 1995 which should have allowed the Defendants sufficient time to reply to the Plaintiffs' submission and file the entire summary judgment package with the court before the June 14, 1995 deadline. *Id.*

According to the Defendants' present motion, a few weeks after the Plaintiffs received the Defendants' motion papers, Plaintiffs' counsel contacted the Defendants requesting an extension for filing his response. The Defendants allege that they told Plaintiffs' counsel that they had no objection to his request but apparently reminded him of the filing deadline established by Magistrate Judge Rosen's Scheduling Order dated March 28, 1995 and explained their concern over the court issuing an extension of that deadline. Defendants' Motion at 2–3. On May 30, 1995, counsel for the Plaintiffs advised the Defendants that he had contacted the "clerk's office and they said [the parties] could do this via a stipulation." Defendants' Motion at Exh. B. Relying on this vague representation by counsel and without the approval of this court, the Defendants' executed a stipulation with the Plaintiffs which extended the deadline for Plaintiffs to serve their response on the Defendants from June 2 to June 9, 1995 *and* the deadline for submitting the entire motion package with the court from June 14, to June 21, 1995. Defendants' Motion at Exh. C.

Apparently believing that their stipulation somehow bound this court, the Defendants filed their summary judgment motion package on June 21, 1995. After reviewing both the submission of the parties and the procedural history of this case, the court found that the Defendants had filed their summary judgment motion outside the time allowed by Magistrate Judge Rosen's Scheduling Order dated March 28, 1995. Because the Defendants failed to comply with the terms of that order, this court dismissed the Defendants motion pursuant to Federal Rule of Civil Procedure 16(f).[2] On November 21, 1995, the Defendants moved this court to reconsider its decision to dismiss their summary judgment motion.[3]

---

**2.** The Defendants do not challenge either the court's power to dismiss the Defendants' motion as untimely, Fed.R.Civ.P. 16(f), or the appropriateness of the court's decision to do so. *U.S. Dominator v. Factory Ship Robert E. Resoff and M/V Sea Alaska,* 768 F.2d 1099, 1103 (9th Cir. 1985) (upholding district court dismissal of summary judgment motion filed outside time established in scheduling order where parties failed to request extension of deadline from court); *see also, Dedge v. Kendrick,* 849 F.2d 1398, 1398 (11th Cir.1988).

**3.** In the Order issued by this court denying the Defendants' Motion for Summary Judgment, Order dated November 16, 1995, this court dismissed the Defendants' Motion on two grounds: (1) Defendants' Motion was untimely pursuant to Magistrate Judge Rosen's Scheduling Order dated March 28, 1995 and (2) because discovery was incomplete concerning the New Jersey Attorney General's failure to comply with a discovery order, this court appropriately refused to grant summary judgment pursuant to Fed. R.Civ.P. 56(f). For the purposes of the Defen-

## II. Analysis

The ultimate issue raised by the current motion for reconsideration is one of profound importance because it questions the legitimacy of the court's role in case management. To set the record straight for future parties practicing before this court, the following sections of this opinion outline the reasons behind the court's involvement in case management as well as its reasons for establishing deadlines for dispositive motions in scheduling orders.

### A. The Court's Role in Case Management

As originally promulgated in 1938, Federal Rule of Civil Procedure 16, the Rule governing pretrial procedures, called for a "pretrial conference and final pretrial order but little else." Jerome B. Simandle, United States District Judge, *Pretrial Management in Federal Civil Practice Handbook—1994 Supplement*, 10.1, 10.3 (1994) ("Pretrial Management"). Despite the litigation explosion during the 1960's and 1970's, Rule 16 was not amended; thus, the federal judiciary was straddled with antiquated pretrial procedures which quickly became tools for abuse and delay. *See,* Burger, Agenda for 2000 A.D.—A Need for Systematic Anticipation, 70 F.R.D. 79, 95 (1976) ("after more than thirty-five years experience with pretrial procedures, we hear widespread complaints that they are being misused and overused."); *see generally,* Noel E. Sullivan, *Recent Amendments to the Federal Rules of Civil Procedure: An Overview and Words of Caution,* 17 U. of Toledo L.Rev. 83, 88 (1985) ("Recent Amendments"). In 1983, the Advisory Committee on the Civil Rules (the "Committee") dramatically overhauled Rule 16. In doing so, the Committee drafted the rule to expressly recognize that federal judges should assert control over litigation from the very beginning to ensure, in part, that the "action maintains its momentum." Charles R. Richey, *Rule 16 Revisited: Reflections for the Benefit of the Bench and Bar,* 829 ALI–ABA 177, 184 (1993) ("Rule 16 Revisited").

As the Third Circuit Court of Appeals (the "Third Circuit") has recognized, the purpose of the new version of Rule 16 is to enhance the active case management by the judiciary and impose obligations upon the attorneys and parties for minimizing costs and delay. Specifically, the Third Circuit has stated:

Rule 16 governs the scheduling and management of pretrial conferences. The purpose of the rule is to provide for judicial control over a case at an early stage in the proceedings. The preparation and presentation of cases is thus streamlined, making the trial process more efficient, less costly, as well as improving and facilitating the opportunities for settlement....

The purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the expeditious management of cases....

The intent and spirit of Rule 16 is to allow courts to actively manage the timetable of case preparation so as to expedite the speedy disposition of cases.

*Newton v. A.C. & S., Inc.,* 918 F.2d 1121, 1126 (3d Cir.1990) (quoting Fed.R.Civ.P. 16 Advisory Committee Notes); *see also, Koplove v. Ford Motor Co.,* 795 F.2d 15, 18 (3d Cir.1986) (Rule 16 scheduling orders "are at the heart of case management," and if they can be disregarded by non-compliance, "their utility will be severely impaired").

Consistent with the purposes behind Rule 16, Congress has recently demonstrated its concern with reducing unnecessary expense and delay associated with civil cases pending in our federal courts. The Civil Justice Reform Act of 1990 (the "Reform Act"), 28 U.S.C. § 471 et seq., requires each district court to implement a plan to reduce the expense and delay in civil cases, in order to "facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and ensure just, speedy, and inexpensive resolution of civil disputes." 28 U.S.C. § 471. As one commentator has aptly acknowledged, the Reform Act "endorses a vision of the mana-

dants' present motion, the court need not address the Rule 56(f) issue, as the court reaffirms its prior holding that the Defendants' Motion for Summary Judgment was untimely.

gerial district judge." *Rule 16 Revisited,* 829 ALI–ABA at 167.

## B. The Need to Address Dispositive Motions in Scheduling Orders

Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution. In fulfilling this obligation, the Magistrate Judges of this courthouse recently developed the procedure of setting deadlines for the filing of dispositive motions in scheduling orders. Currently, such scheduling orders ordinarily include language similar to that which was included in the scheduling order at issue here:

> 1. *Dispositive Motions—Optional Motion Procedures*

> Dispositive Motions shall be filed pursuant to General Rule 12N. The parties shall file with the clerk of the court the complete motion briefing packet in accordance with General Rule 12N no later than *June 14, 1995.*
>
> *DISPOSITIVE MOTIONS NOT TIMELY FILED IN ACCORDANCE WITH THIS SCHEDULE MAY ONLY BE HEARD AT THE DISCRETION OF THE DISTRICT COURT JUDGE.*

Scheduling Order dated March 28, 1995 (emphasis in the original). Prior to including this language in scheduling orders, attorneys practicing before this court would often file dispositive motions on the eve of trial. Although obviously not in all cases, this practice suggested that certain of these attorneys filed such motions in an attempt to delay the impending trial. Further, regardless of the motives of the attorneys, this practice worked a great injustice on this court by creating work which could have been addressed earlier during the pretrial preparation period in which time is often the most precious.

Despite the advent of scheduling orders which set a deadline for filing dispositive motions, this court has noticed a disturbing

trend. No doubt for a variety of reasons, attorneys are increasingly disregarding the dispositive motion deadline and filing their motions outside that deadline. In some cases, similar to the case at bar, the parties enter into a stipulation believing that they have extended the deadline to accommodate their schedules without so much as a courtesy call to chambers. In other cases, the parties simply file their motion without any apparent regard for the deadline. Not only does this failure to adhere to the deadlines delay impending trials and unnecessarily burden this court, but frankly, such conduct is insulting to the Magistrate Judges who work diligently, often with the input of counsel, to establish these deadlines.

As set forth in the scheduling order, however, the court may exercise its discretion to dismiss an untimely motion pursuant to Rule 16(f). Further, parties who find themselves unable to comply with a dispositive motion deadline imposed by a scheduling order should request an extension pursuant to Local Rule 13 setting forth why good cause exists for such an extension.[4] Local R. of Civ.P. 13; Fed.R.Civ.P. 16(b); *Pretrial Management* at 10.19–10.20. As established by this opinion, future parties who fail to make such a request do so at their peril.

## C. The Merits of the Defendants' Argument

In their motion papers, the Defendants argue primarily that the court inappropriately denied their summary judgment motion because they erroneously relied on representations by the Plaintiffs' counsel regarding the validity of their stipulation. For a variety of reasons, the court must reject this argument. First, any reliance by the Defendants on the Plaintiffs' letter of May 30, 1994 was wholly unreasonable. Contrary to the allegations by the Defendants, Plaintiffs' counsel did not represent to the Defendants that he had contacted this court regarding any extension. Rather, his letter indicates

---

4. As suggested by the scheduling order, the parties should ordinarily request any extension from the judge responsible for the impending motion. Although certain presiding judges may not require the parties to file a formal motion to extend a dispositive motion deadline pursuant to Local Rule 13, future litigants must recognize that the touchstones of any extension process are to keep the court informed of the parties' situation and to maintain the momentum of the matter.

clearly that he merely contacted the clerk's office. Given the Defendants' apparent recognition of the deadline imposed by the Scheduling Order dated March 28, 1995, Defendants' Motion at 2, the court must assume that the Defendants also recognized that only the court has the authority to modify a deadline set forth in a scheduling order and that any request for an extension of time to file their motion should have been made pursuant to Local Rule of Civil Procedure 13. Local R. of Civ.P. 13; Fed.R.Civ.P. 16(b); *see also, Pretrial Management,* 10.19–10.20.

Even if the Defendants did not wish to request an extension from the court, the Defendants should have availed themselves to any one of several solutions in meeting that deadline. For example, the Defendants could have (1) commenced the filing of their summary judgment motion earlier in anticipation of any delays, (2) denied the Plaintiffs' request for an extension of time and filed their motion pursuant to their originally agreed upon schedule or (3) completed their reply brief in a shorter period of time and timely filed their motion package.[5] Having failed to take any of these options, Defendants must ultimately bear the responsibility for the dismissal of their motion.

Additionally, the Defendants argue this court should reconsider its earlier dismissal because failure to do so rewards the Plaintiffs unfairly. Apparently, the Defendants believe that by dismissing their summary judgment motion, the court intends to proceed blindly forward with a trial of this matter without any regard to the merits of the Plaintiffs' case. Although a court could justifiably adopt such a course of action where the parties have failed to follow scheduling orders, such was never the intention of this court. While this case presented the court with a vehicle to alert future parties of the

necessity to comply with the scheduling orders issued by the Magistrate Judges, the court was not looking to otherwise prolong unnecessary litigation where those parties had not had the prior benefit of such an opinion. To the extent that this matter could have been resolved, at least partially, by a decision on the summary judgment motion, the court remains confident that it will be able to streamline this litigation in a similar manner prior to trial either during a pretrial conference or as a result of anticipated motions in limine.[6]

### III. Conclusion

For the reasons outlined in this opinion, the court must deny the Defendants' Motion for Reargument. The court will enter an appropriate order.

### ORDER

Presently before this court is the Defendants' Motion for Reargument; and

The court having reviewed the submissions of the parties including the original summary judgment motion at issue; and

For the reasons set forth in the court's opinion of this date;

IT IS on this 15th day of February 1996;

**ORDERED** that the Defendants' Motion for Reargument is **DENIED.**

No costs.

---

5. Under the terms of their stipulation, Defendants' Motion at Exh. C, the Plaintiffs had until June 9, 1995 to serve their response to the Defendants' motion upon the Defendants. Although it would not have left them as much time to complete their reply, the Defendants could still have submitted their summary judgment package by the deadline of June 14, 1995.

6. In fact, the Defendants have filed extensive motions in limine which, in part, raise issues the

court did not address in their summary judgment motion. Having had the benefit of this opinion, future parties are cautioned from using motions in limine as an attempt to avoid the deadlines imposed by a scheduling order. Such motions, however entitled, may be interpreted correctly as "dispositive motions" under the terms of such scheduling orders and may be denied at the discretion of the presiding judge.