**ORDER**

Nora OLGYAY, Plaintiff,

v.

SOCIETY FOR ENVIRONMENTAL
GRAPHIC DESIGN, INC., et
al., Defendants.

Civil Action No. 96–0186.

United States District Court,
District of Columbia.

Sept. 17, 1996.

Curt S. Hansen, Fisher Morin & Kagan–
Kans, Washington, DC, for plaintiff.

Harry J. Carleton, Cotter Fiscella &
Carleton, Fairfax, VA, for Defendants.

PAUL L. FRIEDMAN, District Judge.

This case is before the Court on plaintiff's Motion to Extend Discovery Deadlines and Motion to Amend Complaint filed on September 3, 1996. Plaintiff states that prior to mediation, the parties agreed not to engage in formal discovery and to extend the discovery period if mediation was unsuccessful. As a result, plaintiff's counsel advises, "no formal discovery has been exchanged between the parties...." Plaintiff now seeks to extend the discovery deadlines contained in this Court's Scheduling Order of March 21, 1996. Plaintiff's counsel also represents that he has attempted to contact defendants' counsel in order to obtain defendants' consent to this motion but has received no response.

The Court's mediation referral Order of March 21, 1996, expressly provided that "[d]iscovery shall proceed *concurrently* with mediation as provided for in the Scheduling Order issued this same day" (emphasis added). The Scheduling Order required the parties to complete all discovery by July 16, 1996, and to file all papers related to dispositive motions by September 26, 1996. Mediation concluded unsuccessfully on July 30, 1996; yet neither party informed the Court that the parties intended to disregard the Court-ordered discovery schedule until a full month had passed, during which time *no* formal discovery was conducted at all. The parties therefore are in violation of the Court's orders.

Neither the parties nor their counsel have the authority to stipulate or otherwise agree to changes in the Court's orders regarding discovery or any other scheduling matter unless expressly authorized to do so by Rule or by Court order. Rule 16 of the Federal Rules of Civil Procedure makes plain that a scheduling order entered by a district judge "shall not be modified except upon a showing of good cause and by leave of the district judge ...," Rule 16(b), Fed.R.Civ.P., and it authorizes the judge to impose sanctions on a party or a party's attorney for failure to obey a scheduling order. Rule 16(f), Fed.R.Civ.P. Rule 206 of the Rules of this Court requires counsel to meet and confer before the scheduling conference and to propose to the Court,

*inter alia,* a specific date for the completion of all discovery. Local Rule 206(c)(8). Once the schedule proposed by the parties is accepted or modified by the Court and memorialized in a scheduling order, the scheduling order may not be modified except by the Court and then only upon a showing of good cause. Local Rule 206.1.

The purpose of these Rules is to promote the ability of the Court to manage cases, to develop "a sound plan to govern the particular case from start to finish" and to "set[ ] and keep[ ] firm pretrial and trial dates." *Final Report of the Civil Justice Reform Act Advisory Group of the United States District Court for the District of Columbia* 37–39 (Aug. 1993). The scheduling order that results from this process is intended to serve "as the unalterable road map (absent good cause) for the remainder of the case." *Id.* at 39. As the Advisory Group noted:

> The Advisory Group believes that from this point forward, the parties and their counsel should be bound by the dates specified in any first scheduling or other scheduling order, and that no extensions or continuances should be granted, except on a timely showing of good cause. Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause.

> Once the schedule is set at the scheduling conference, the presumption should be firmly against the granting of continuances. If good cause is shown, a reasonable extension of time for a particular purpose may be granted by the Court; stipulations by the parties should not be accepted in the absence of good cause.

*Id.* at 41. Counsels' unilateral decision to modify the Scheduling Order without the Court's approval and without good cause is a clear violation of the Federal and Local Rules. Accordingly, it is hereby

ORDERED that all discovery in this case shall be completed by November 13, 1996; it is

FURTHER ORDERED that dispositive motions shall be filed by December 13, 1996; oppositions by December 30, 1996; and replies, if any, by January 9, 1997; it is

FURTHER ORDERED that a pretrial conference is scheduled for January 30, 1997 at 4:00 p.m.; it is

FURTHER ORDERED that the parties' Joint Pretrial Statement is due on January 24, 1997. *See* Local Rule 209; it is

FURTHER ORDERED that trial will begin on February 10, 1997 at 9:30 a.m.; and it is

FURTHER ORDERED that defendant shall respond to plaintiff's motion to amend the complaint on or before September 25, 1996, at which time the Court will rule on the motion. All dates in this Order are firm, may not be altered by the parties and, absent truly exceptional circumstances, will not be altered by the Court.

SO ORDERED.