Beatriz E. EBEL, Individually and as Personal Representative of the Estate of Philip Wayne Ebel, Deceased, and as Next Friend of Eric Fernando Ebel and Gabriela Nicole Ebel, minors, Plaintiff,

v.

ELI LILLY AND COMPANY, Defendant.

Civil Action No. B–04–194.

United States District Court,
S.D. Texas,
Brownsville Division.

Sept. 21, 2007.

Andy Vickery, Arnold Anderson (Andy) Vickery, Vickery, Waldner & Mallia, LLP, Houston, TX, for Plaintiff.

Andrew R. Rogoff, Charles Kocher, Pepper Hamilton LLP, Philadelphia, PA, Gene M. Williams, Kathleen Anne Frazier, Kristi Belt, Shook Hardy et al., Houston, TX, for Defendant.

### *OPINION & ORDER*

HILDA G. TAGLE, District Judge.

BE IT REMEMBERED, that on September *21*, 2007, the Court **DENIED** the parties' Joint Motion for Extension of Time to File and Respond to *Daubert*/Dispositive Motions. Dkt. No. 42.

Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." *Chiropractic Alliance of N.J. v. Parisi*, 164 F.R.D. 618, 621 (D.N.J.1996). Additionally, "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings." *Haynes v. City of Circleville*, 2005 WL 3263313, at *2 (S.D.Ohio, Dec.1, 2005) (internal citations omitted). Under Rule 16, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED.R.CIV.P. 16(b).

"The 'good cause' standard focuses on the diligence of the party seeking an exten-

sion of pretrial deadlines." *Alton Crain v. Texas Canl,* 2005 U.S. Dist. LEXIS 17111, *4 (N.D.Tex.2005) (citation omitted); *see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir.2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992))). Absence of prejudice to the non-moving party is not sufficient to establish good cause. *See Alton Crain,* 2005 U.S. Dist. LEXIS at *4; *Jones v. J.C. Penney's Dep't Stores, Inc.,* 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y.2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

In the instant motion, the parties state that they "anticipate that completing the depositions of Lilly's experts in the next few weeks will be difficult because of scheduling conflicts, including a 2–week prior commitment by Plaintiff's counsel outside the country" and therefore request an extension of thirty (30) days. Dkt. No. 42, at 1. However, the parties also cited scheduling difficulties in August 2007 when they requested an extension of the deadline to file motions. Dkt. No. 36. At that time this Court granted the parties an extension until October 2, 2007. Dkt. Nos. 37, 38. The parties now request that the Court again move the deadline for motions for essentially the same reason cited before. *Compare* Dkt. No. 42 *with* Dkt. No. 36.

The parties further request that the deadline by which they must file their responses be extended. Dkt. No. 42, at 2. The parties explain that Plaintiff's counsel has a two week trial in Oklahoma scheduled for the end of November and beginning of December. *Id.* The parties offer no other justification for the deadline extension. However, Plaintiff's counsel previously told the Court of a trial scheduled for late October and early November. Dkt. No. 36. It is unclear whether that trial was pushed back to the end of November or whether Plaintiff's counsel has another trial. *See* Dkt. No. 42, at 2.

Neither of these bases establishes the good cause necessary to warrant the extensions of time requested. First, stipulations between the parties do not provide a basis for amending a scheduling order. *See Parisi,* 164 F.R.D. at 621. Although parties may agree to engage in discovery beyond the applicable deadline, as provided in the scheduling order, such an agreement—absent a showing of good cause—may not serve as a proper basis for granting an extension of time that requires leave of court. To allow an amendment of a scheduling order on such a basis would render the good cause standard useless. Second, foreseeable scheduling conflicts cannot justify the extension of the deadlines. The deadlines facing the parties are those they suggested only one month ago. Moreover, they have made no showing that any of the scheduling conflicts they cite in the instant motion have developed since the last motion to modify the scheduling order. *See* Dkt. No. 36, at 2. While scheduling depositions may be difficult as not all relevant persons are within the United States, the parties have not articulated good cause to justify another modification of the scheduling order.

Based on the foregoing, the Court concludes that the parties have failed to establish good cause for granting the extensions of time requested. Accordingly, the Court **DENIES** the parties' Joint Motion for Extension of Time to File and Respond to *Daubert*/Dispositive Motions. Dkt. No. 42. Therefore, the deadlines in the Court's Scheduling Order, Dkt. No. 39, remain in effect. Should the parties have good cause for modification, they may file another motion to modify the scheduling order no later than September 27, 2007.