Thelma M. GARZA, Plaintiff,

v.

WEBB COUNTY, TEXAS,
et al., Defendants.

Civil Action No. 5:12–CV–153.

United States District Court,
S.D. Texas,
Laredo Division.

Jan. 2, 2014.

Ronald Rodriguez, The Law Offices of Ronald Rodriguez PC, Laredo, TX, for Plaintiff.

Charles S. Frigerio, Attorney at Law, Albert Lopez, Law Offices of Albert Lopez, San Antonio, TX, Richard Otto Burst, New Braunfels, TX, for Defendants.

### *MEMORANDUM & ORDER*

J. SCOTT HACKER, United States Magistrate Judge.

Before the Court is Plaintiffs' "Motion for Leave and Request for Approval of Rule 29 Agreement." (Dkt. No. 56). Through this motion, Plaintiffs seek approval of the parties' agreement to conduct the depositions of Defendants Esteban Paez and Juan Enrique Villarreal on January 9, 2014. (*See id.,* Attach. 1; *see also* Dkt. No. 57). Of note, this date falls outside the court-ordered deadline of January 3, 2014 to complete discovery. (*See* Dkt. No. 49 at 5). For the following reasons, the Court will approve the parties' Rule 29 agreement.

### *Discussion*

#### A. Legal Standard

Generally, Rule 29 allows for stipulations regarding discovery procedures.

Unless the court orders otherwise, the parties may stipulate that:

(a) a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified—in which event it may be used in the same way as any other deposition; and

(b) other procedures governing or limiting discovery may be modified—but a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial.

Fed.R.Civ.P. 29. The term "stipulation" is defined simply as "a voluntary agreement between opposing parties concerning some relevant point." Black's Law Dictionary (9th ed. 2009).

Two types of stipulations are contemplated by the language of Rule 29—those that involve only the litigants, and those that require court approval. As an example of the first type of stipulation, Rule 29(a) authorizes the parties to agree as to where and how depositions may be taken. Fed.R.Civ.P. 29(a). Furthermore, Rule 29(b) authorizes parties to modify "other procedures governing or limiting discovery," Fed.R.Civ.P. 29(b), like stipulations to extend the 30–day period for responding to written discovery requests, see id., Advisory Committee Notes to 1993 Amendments. The reason for allowing such party agreements is simple. They increase the efficiency of litigation, while decreasing costs. See id.

Nonetheless, the parties' ability to stipulate to discovery procedures under Rule 29 is not completely unfettered, as some stipulations under Rule 29 require court approval. For most types of cases, Rule 16 requires judges to enter scheduling orders that limit matters such as the time to complete discovery. See Fed.R.Civ.P. 16(b)(1), (3)(A). To avoid tension with Rule 16's mandates, Rule 29 "key[s] in on the sorts of matters courts are to include in scheduling orders" and requires "[court] approval whenever [a stipulated] extension 'would interfere with the time set for completing discovery, for hearing a motion, or for trial.'" See 8A Charles Alan Wright et al., Federal Practice and Procedure § 2092 (3d ed. 2010) (quoting Fed. R.Civ.P. 26(b)). In other words, a court must approve of any party agreement to modify a court-ordered deadline.

Although court approval is required for certain agreements, Rule 29 is silent as to when such approval should be granted or withheld. The question thus becomes *what standard should courts apply in determin-* *ing whether to approve Rule 29 stipulations?* Unfortunately, no court appears to have specifically addressed this question.

■ For purposes of identifying the proper standard, one thing is clear. It is simply nonsensical to construe Rule 29 to allow for out-of-hand approvals of party agreements. Such a construction goes against the mandates of Rule 16, which obligates federal judges to ensure that civil cases are efficiently and expeditiously resolved. *See Chiropractic Alliance of New Jersey v. Parisi*, 164 F.R.D. 618, 621 (D.N.J.1996); *see also Olgyay v. Soc'y for Envtl. Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C.1996). This obligation is embodied, for instance, in Rule 16's subsection (b)(4), which specifically provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Indeed, the federal rules should be viewed, not as isolated fragments, but as an integrated whole, and thus one rule cannot be read to circumvent another. *See Caribbean Constr. Corp. v. Kentucky Van Saun Mfg. & Eng'g*, 13 F.R.D. 124, 127 (S.D.N.Y.1952).

■ Given that Rule 29's court-approval requirement was drafted in light of the above mandates, it thus seems that Rule 16(b)(4)'s "good cause" standard is the most logical choice of standards to apply to the situation at hand. In effect, a Rule 29 stipulation requiring court approval is nothing more than an unopposed motion to modify a scheduling order, and the court sees no reason to apply a differing standard of review. Accordingly, where parties seek approval of a Rule 29 stipulation that affects a scheduling-order deadline, a court should apply the "good cause" standard in Rule 16(b)(4) to determine whether the stipulation should be approved.

■ The present situation requires application of the good cause standard in reviewing the parties' agreement to take two depositions noticed to occur outside the deadline for conducting discovery.[1] The standard it-

---

1. At least one court in the Fifth Circuit has stated that "Rule 29 stipulations can plainly be used by parties [to] take depositions outside of court-imposed deadlines." *Plaquemines Holdings, LLC v. CHS, Inc.*, 2013 WL 1526894, at *3 (E.D.La. Apr. 11, 2013). The language of the court's opinion can be interpreted to hold that such stipulations are subject to approval so long as the stipulated agreement is sufficiently identified. *Id.* The court's holding relies in part on *Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc.*, 2012 WL 4383261 (D.Kan. Sept. 25, 2012), which provides in turn that one choice available

self is straightforward. It requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension. *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)) (quotations omitted). Mere stipulations are insufficient for purposes of showing good cause. *See Hernandez v. Mario's Auto Sales, Inc.*, 617 F.Supp.2d 488, 492–93 (S.D.Tex.2009).

## B. Analysis

█ Having determined the applicable standard, the Court now turns to the relevant facts of the present case. On November 20, 2013, the Court granted Plaintiffs' prior motion to reopen discovery to take the depositions of Defendant Paez and Villarreal. (Dkt. No. 49). Again, the discovery deadline was set for January 3, 2014. (*Id.* at 5). According to Plaintiffs, at the time the Court set this deadline, their counsel was busy in a trial that continued through December 5, 2013. (Dkt. No. 56 at 1). Furthermore, defense counsel was out of the country from December 17th through December 30th. (*Id.* at 1–2). Given these circumstances and the limited nature of the discovery extension at issue, the Court finds that there is good cause to modify the discovery deadline and thus approve the parties' Rule 29 agreement.

### *Conclusion*

As such, Plaintiffs' "Motion for Leave and Request for Approval of Rule 29 Agreement" (Dkt. No. 56) is hereby GRANTED. Plaintiffs may conduct the depositions of Defendant Paez and Villarreal on January 9, 2014. No other deadlines are affected by this order.

IT IS SO ORDERED.

to parties burdened by court deadlines is to "enter into a written stipulation consistent with [Rule 29]." *Id.* at *2. However, the court in

*Certain Underwriters* went no further, as it did not discuss what standards should be applied, if any, in approving such Rule 29 stipulations.